Vess A. Miller, No. 278020
Natalie Lyons, No. 293026
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
vmiller@cohenandmalad.com
nlyons@cohenandmalad.com

*Attorneys for Plaintiffs and the Proposed Class*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ROSALYN RIVERA, individually, and on behalf of all others similarly situated, | Case No. 2:24-cv-09378-FLA-MAA |
| Plaintiff | **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SIRVA RELOCATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| SIRVA RELOCATION, LLC, | Date: March 28, 2025 |
| Defendant. | Time: 1:30 p.m. |
| | Honorable Fernando L. Aenlle-Rocha |

## <u>TABLE OF CONTENTS</u>

I.    BACKGROUND ................................................................................................... 1

II.   LEGAL STANDARD ......................................................................................... 2

III.  ARGUMENT ...................................................................................................... 3

    A.  Plaintiff has Plausibly Alleged Standing to Sue. ........................................ 3

        ii.  Emotional Injuries are a Concrete Harm. .............................................. 6

        iii. Lost Benefit of the Bargain is a Concrete Harm. .................................. 7

        iv. Invasion of Privacy is a Concrete Harm. ............................................. 8

    B.  Plaintiff Sufficiently Stated all Claims. ..................................................... 9

        1.   Plaintiff Sufficiently Alleges a Claim for Negligence/Negligence *Per Se* ............ 9

        2.   Plaintiff Sufficiently Alleges a Claim for Breach of Contract as a Third-Party Beneficiary ................................................................... 14

        3.   Plaintiff Sufficiently Pleaded Bailment. .............................................. 15

        4.   Plaintiff Sufficiently Alleges Violation of the CCPA ........................... 16

v.    CONCLUSION ................................................................................................. 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Accellion, Inc. Data Breach Litigation*,
    713 F.Supp.3d 623 (N.D. Cal. 2024) ....................................................................13

*Adkins v. Facebook, Inc.*,
    424 F. Supp. 3d 686 (N.D. Cal. 2019) ..............................................................4, 6

*Alexander v. Wells Fargo Bank, N.A.*,
    No. 23-CV-617-DMS-BLM, 2023 WL 8358550 (S.D. Cal. Dec. 1, 2023) ...........11

*Allen v. Wenco Mgmt., LLC*,
    696 F. Supp. 3d 432 (N.D. Ohio 2023).................................................................8

*In re Ambry Genetics Data Breach Litigation*,
    567 F.Supp.3d 1130 (C.D. Cal. 2021) ..............................................................9, 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................2

*In re Bank of Am. California Unemployment Benefits Litig.*,
    2023 WL 3668535 (S.D. Cal. May 25, 2023).......................................................17

*Barclift v. Keystone Credit Servs., LLC*,
    93 F.4th 136 (3d Cir. 2024) ...................................................................................9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................2

*Ben-Davies v. Blibaum & Assocs., P.A.*,
    695 F. App'x 674 (4th Cir. 2017) (per curiam)......................................................6

*Betz v. St. Joseph's/Candler Health Sys., Inc.*,
    630 F. Supp. 3d 734. (D.S.C. 2022)......................................................................4

*Bohnak v. Marsh & McLennan Cos., Inc.*,
    79 F.4th 276 (2d Cir. 2023) ...................................................................................8

*Capiau v. Ascendum Mach., Inc.*,
    2024 WL 3747191 (W.D.N.C. Aug. 9, 2024).........................................................8

*Castillo v. Seagate Tech., LLC*,
    Case No. 16-cv-01958-RD, 2016 WL 9280242 (N.D. Cal. Sept. 14, 2016) ..........12

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013)......................................................................................................3

*Clemens v. ExecuPharm Inc.*,
  48 F.4th 146 (3d Cir. 2022) .........................................................................................9

*Corona v. Sony Pictures Entm't, Inc.*,
  No. 14-CV-09600 RGK, 2015 WL 3916744 (C.D. Cal. June 15, 2015)...............12

*Doe v. MKS Instruments, Inc.*,
  2023 WL 9421115 (C.D. Cal., Nov. 3, 2023).........................................................16

*Doe v. N. California Fertility Med. Ctr.*,
  2024 WL 246178 (E.D. Cal. Jan. 23, 2024) ............................................................13

*Dugas v. Starwood Hotels & Resorts Worldwide, Ince.*,
  No. 16-0014, 2016 WL 6523428 (S.D. Cal. Nov. 3, 2016)....................................17

*In re Eureka Casino Breach Litig.*,
  2024 WL 4253198 (D. Nev. Sept. 19, 2024) .............................................................7

*Farley v. Eye Care Leaders Holdings*,
  2023 WL 1353558 (M.D.N.C. Jan. 31, 2023*)* ..........................................................4

*Galaria v. Nationwide Mut. Ins. Co.*,
  663 F. App'x 384 (6th Cir. 2016) ...............................................................................9

*Garey v. James S. Farrin, P.C.*,
  35 F.4th 917 (4th Cir. 2022) .......................................................................................8

*Gonzalez v. Am. Honda Motor Co.*,
  720 F. Supp. 3d 833 (C.D. Cal. 2024) .....................................................................18

*Hall v. Smosh Dot Com, Inc.*,
  72 F.4th 983 (9th Cir. 2023) .......................................................................................2

*Hartley v. Urban Outfitters, Inc.*,
  740 F. Supp. 3d 410 (E.D. Pa. 2024) ..........................................................................9

*I.C. v. Zynga, Inc.*,
  600 F. Supp. 3d 1034 (N.D. Cal. 2022) ......................................................................6

*Johnson v. Homecomings Fin.*,
  2012 WL 1357675 (S.D. Cal. Apr. 19, 2012).............................................................2

*Krupa v. TIC Int'l Corp.*,
  2023 WL 143140 (S.D. Ind. Jan. 10, 2023)............................................................4, 5

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992)................................................................................3

*Manzarek v. St. Paul Fire & Marine Ins. Co.,*
    519 F.3d 1025 (9th Cir. 2008) ..............................................................2

*In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.,*
    440 F. Supp. 3d 447 (D. Md. 2020)......................................................7

*Martin v. Pierce Cnty.,*
    34 F.4th 1125 (9th Cir. 2022) .......................................................17, 18

*In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.,*
    603 F. Supp. 3d 1183 (S.D. Fla. 2022) ................................................7

*In re Moveit Customer Data Security Breach Litig.,*
    2024 WL 5092276 (D. Mass. Dec. 12, 2024).......................................6

*Murillo v. Gen. Motors LLC,*
    No. 2:23-CV-10525-SPG-MAA, 2024 WL 5339166 (C.D. Cal. May 8, 2024)......................11

*Ngo v. BMW of N. Am., LLC,*
    23 F.4th 942 (9th Cir. 2022) ...............................................................14

*Pruchnicki v. Envision Healthcare Corp.,*
    845 F. App'x 613 (9th Cir. 2021) .......................................................11

*Remijas v. Neiman Marcus Grp., LLC,*
    794 F.3d 688 (7th Cir. 2015) ................................................................4

*Ruiz v. Gap, Inc.,*
    540 F. Supp. 2d 1121 (N.D. Cal. 2008) ..............................................15

*In re Solara Medical Supplies, LLC Customer Data Security Breach Litigation,*
    613 F.Supp.3d 1284 (S.D. Cal. 2020)..................................................10

*In re Sony Gaming Networks & Cust. Data Sec. Breach Litig.,*
    903 F. Supp. 2d 942 (S.D. Cal. 2012)..................................................15

*Stamat v. Grandizio Wilkins Little & Matthews, LLP,*
    2022 WL 3919685 (D. Md. Aug. 31, 2022) ..........................................4

*Stasi v. Immediata Health Group Corp.,*
    501 F.Supp.3d 898 (S.D. Cal. 2020)..........................................10, 11, 12

*Stein v. Edward-Elmhurst Health,*
    No. 23-CV-14515, 2025 WL 580556 (N.D. Ill. Feb. 21, 2025) ...........12

*Susan B. Anthony List v. Driehaus,*
    573 U.S. 149 (2014) ............................................................................... 3

*TransUnion LLC v. Ramirez,*
    594 U.S. 413 (2021) .................................................................... 4, 8, 9

*In re Waste Mgmt. Data Breach Litig.,*
    No. 21CV6147 (DLC), 2022 WL 561734 (S.D.N.Y. Feb. 24, 2022) ................... 18

*Whitcombe v. Stevedoring Servs. of Am.,*
    2 F.3d 312 (9th Cir. 1993) ...................................................................... 15

*In re Zappos.com, Inc.,*
    888 F.3d 1020 (9th Cir. 2018) ............................................................ 5, 6

**Statutes**

Cal. Civ. Code § 1798.140(i),-.150(b) ........................................................... 18

Cal. Civ. Code § 1798.150(a)(1) .................................................................. 16

FTC Act ............................................................................................ 13

**Other Authorities**

Black's Law Dictionary (12th ed. 2024) ........................................................ 10

Fed. R. Civ. P. 3 ............................................................................ 17, 18

Restatement (Second) Torts § 652D ............................................................... 8

## I. BACKGROUND

This action arises out of Defendant Sirva Relocation's ("Sirva" or "Defendant") failure to implement the reasonable cybersecurity standards that it is legally required to implement, thus leading to a data breach in which the personally identifiable information ("PII") of approximately 480,000 individuals were disclosed to cybercriminals and identity thieves. ECF 1 ("Compl") ¶¶ 1–2, 6. The notorious cybercriminal group Lockbit claimed responsibility for a double extortion event, in which the hackers exfiltrated a trove of sensitive Private Information and also performed a ransomware attack on Defendant Sirva's information systems in an attempt to encrypt those systems and take them offline (the "Data Breach"). *Id.* ¶ 8. Between September and October of 2023, Lockbit was able to exfiltrate a staggering **1.5 terabytes** of files containing PII. *Id.* ¶ 6. In part because these hackers were apparently able to infiltrate Defendant's systems and perform all the hallmark tasks of a hack—all without being identified until the hack was already complete and the criminals were ready to demand a ransom—Plaintiff alleges that Defendant failed to implement the reasonable cybersecurity measures specifically designed to timely identify such activity and to create the forensics artifacts necessary to perform a reasonable investigation—including appropriate logging, monitoring, and alerting systems. *Id.* ¶ 27-28. The absence of these reasonable and required cybersecurity measures is no surprise here, though, as Defendant likely failed to get even the most basic element of a reasonable cybersecurity program correct—they appear to have failed to implement and test a reasonable cybersecurity incident response plan.

At bottom, Defendant has failed to meet its obligations to reasonable protect the highly sensitive PII that it collected from Plaintiffs. That failure led to the Data Breach and the disclosure of extremely sensitive PII to cybercriminals and identity thieves—including all the ingredients to perpetrate identity theft and fraud, including Social Security numbers and financial account information. *Id.* ¶ 1. Defendant now attempts to skip town on its obligations and leave Plaintiff and

the proposed Class Members to foot the bill for Defendant's failures.

## II. LEGAL STANDARD

Rule 8(a)(2) requires only a short and plain statement of the claim giving "the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "does not require 'detailed factual allegations,'" but merely expects "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss." *Johnson v. Homecomings Fin.*, 2012 WL 1357675, at *2 (S.D. Cal. Apr. 19, 2012) (internal citations omitted).

The same standard applies when a defendant levies a facial challenge to a plaintiff's standing to sue through a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Though a plaintiff may later be called to establish through evidence the elements of standing, "[s]tanding must be established 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 987 (9th Cir. 2023) (citation omitted).  At this stage, just as is the case when evaluating a motion to dismiss under Rule 12(b)(6), federal courts evaluating a motion to dismiss under Rule 12(b)(1) must accept the plaintiff's allegations and reasonable inferences as true and "must construe the complaint in favor of the complaining party." *Id.*

### III. ARGUMENT

Defendant moves to dismiss under both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). None of Defendant's arguments, however, withstand scrutiny, and the Court should deny Defendant's motion.

**A.  Plaintiff has Plausibly Alleged Standing to Sue.**

To establish standing, a plaintiff need only show "(1) an actual, concrete and particularized 'injury in fact'—'an invasion of a legally protected interest'; (2) a 'causal connection between the injury and the conduct complained of'; and (3) a likelihood that the injury will be 'redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). Allegations of future harm can establish a present "injury-in-fact" for Article III standing if that harm is "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). A "future injury" can suffice, so long as it is "certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (internal quotation marks omitted); see also *Clapper*, 568 U.S. at 414 n.5 (noting that plaintiffs need not "demonstrate that it is literally certain that the harms they identify will come about"). 560–61 (1992). Defendant asserts that Plaintiffs have not shown a concrete injury in fact, or that there is a causal connection between its conduct and Plaintiff's injuries. Defendant is incorrect.

Plaintiff and the Class have plausibly alleged harms sufficient to establish standing, as has been recognized by the Supreme Court. Indeed, the Supreme Court in TransUnion expressly recognized the concrete nature of privacy harms. Moreover, Courts are aligned that data breach victims have standing to sue if the circumstances of the data breach place them at a heightened risk of identity theft and fraud—as was the case here.

i.     *Plaintiff has Plausibly alleged a Substantial Risk of Identity Theft and Fraud.*

According to Defendant, "a risk of identity theft or fraud materializes only when there is actual identity theft or fraud . . . Under *TransUnion's* reasoning, 'mere compromise of personal information, without more, fails to satisfy the injury-in-fact element in the absence of any identity theft.'" Def. Mem. at 5-6 (citing *TransUnion LLC v. Ramirez,* 594 U.S. 413, 436 (2021). But *TransUnion* never said that. Indeed "[a] finding of a substantial risk of identity theft does not depend on concrete examples that the stolen information has already been misused." *Adkins v. Facebook, Inc.*, 424 F. Supp. 3d 686, 691 (N.D. Cal. 2019); *Betz v. St. Joseph's/Candler Health Sys., Inc.,* 630 F. Supp. 3d 734, 752 n.3. (D.S.C. 2022); *Stamat v. Grandizio Wilkins Little & Matthews, LLP*, 2022 WL 3919685, at *6 (D. Md. Aug. 31, 2022) ("Actual misuse of data, however, is not strictly required to establish standing in the data breach context").

As several courts have explained, "one is hard pressed to think of a reason why data thieves would engage in a large-scale and sophisticated operation to steal electronic data containing personal information and only personal information other than to misuse it, either by identity theft or perhaps as part of a blackmail or ransomware type scheme." *Farley v. Eye Care Leaders Holdings,* 2023 WL 1353558, at *3 (M.D.N.C. Jan. 31, 2023) (citing *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 693 (7th Cir. 2015) ("Why else would hackers break into a store's database and steal consumers' private information? Presumably, the purpose of the hack is, sooner or later, to make fraudulent charges or assume those consumers' identities."). Indeed, the recent opinion in *Krupa v. TIC Int'l Corp.* carefully outlines why such allegations are sufficient for standing:

> At first glance, this seems an odd case to be arguing about standing and damages. Krupa is not a random plaintiff speculating about future risks of harm or seeking to assert the rights of others—he personally is a victim of a data breach that actually happened. His social security number was stolen, and he alleges that TIC had it been more careful could have prevented the theft. If this were a bank robbery no

one would blink. It is a classic adversarial case. The only way TIC can prevail on its motion to dismiss, then, is if it can show that the exposure of Krupa's social security number to hackers was not an injury at all.

And, again at first glance, that seems an odd position to take. Having one's social security number stolen seems an obvious harm. If it were not a harm, why should TIC (or anyone else) take any data security measures? TIC might as well leave its customer lists in a spreadsheet on its website.

2023 WL 143140, at *2 (S.D. Ind. Jan. 10, 2023). "There is a common-sense expectation—which Defendant implicitly recognizes through its attempts at data security—that social security numbers 'are best kept private and that their exposure to hackers is a harm (whether or not identity theft has yet occurred).'" *Id.* So too here. Taking Plaintiff's allegations as true and construing them in the light most favorable to Plaintiffs, these allegations sufficiently allege standing for the substantial risk of future harm Plaintiffs now face.

Defendant further protests that too much time has passed since the breach for any harm to be imminent. This argument is misplaced for two reasons. First, as the Ninth Circuit has noted, this argument relies on facts outside of the complaint and is inappropriate at this stage of the pleadings. *In re Zappos.com, Inc.*, 888 F.3d 1020, 1028 (9th Cir. 2018) ("Plaintiffs allege that the Zappos data breach places them at imminent risk of identity theft. Zappos argues that this allegation is implausible, but it does so by relying on facts outside the Complaints (or contentions about the absence of certain facts), which makes its argument one that may be appropriate for summary judgment but not one that may support a facial challenge to standing at the motion to dismiss stage."). Even if Defendant could introduce new facts at this stage, it would also require the Court to reject *Plaintiff's* allegations—Plaintiff specifically alleged that there can be lengthy time lags between when harm occurs and when it is discovered, and also between when PII is stolen and when it is used. Compl. ¶¶ 37, 71. This is not a novel principle. Courts recognize that a social security number "is like one's date of birth, prior history, and gender. They remain with the

victim forever, thereby 'g[i]v[ing] hackers the means to commit fraud or identity theft.' Information such as this will never go bad, and so, hackers can warehouse this stolen data for years before using it. The substantial risk remains." *Adkins*, 424 F. Supp. 3d at 691 (citing *In re Zappos.com*, 888 F.3d at 1027–29).

As for Defendant's argument against lost time and mitigation efforts, once a plaintiff has been exposed to a substantial risk of future harm, lost time and mitigation efforts are concrete harms that confer standing. Defendant cannot seriously argue that Plaintiff's mitigation efforts qualify as "manufactur[ing] standing," Def. Mem. at 6, when *Defendant itself urged Plaintiff to take these actions*. See Compl. Ex. A ("We recommend you take the following precautionary measures to safeguard financial and personal information online, such as: Updating login credentials that may be similar to those used with Sirva; Enabling multi-factor authentication on accounts that are used for online transactions; and Monitoring financial and personal online accounts for any unusual activity").

### ii.    Emotional Injuries are a Concrete Harm.

Emotional distress injuries can qualify as concrete injuries in fact when they are based on a risk of harm that is either "certainly impending" or "substantial." *I.C. v. Zynga, Inc.,* 600 F. Supp. 3d 1034, 1052 (N.D. Cal. 2022). As outlined above, Plaintiff and Class Members have been exposed to a substantial risk of future harm, and have suffered anxiety, stress, and emotional distress as a result. *See* Compl. ¶¶ 78, 111. Thus, because Plaintiff has have suffered stress and anxiety due to their PII falling into the hands of the cybercriminals Defendant was supposed to protected against, Plaintiff has sufficiently alleged emotional harm as an independent concrete injury. *In re Moveit Customer Data Security Breach Litig.*, 2024 WL 5092276, at *11 (D. Mass. Dec. 12, 2024) (holding that emotional damage can serve as an independent basis for standing if such harm is in response to nonspeculative exposure to increased risks of harm); *Ben-Davies v.*

*Blibaum & Assocs., P.A.*, 695 F. App'x 674, 676–77 (4th Cir. 2017) (per curiam) (holding that plaintiff "sufficiently established the existence of an injury in fact," where the plaintiff "'suffered and continues to suffer' actually existing intangible harms that affect her personally: 'emotional distress, anger, and frustration.'").

### iii. Lost Benefit of the Bargain is a Concrete Harm.

Defendant argues that Plaintiff has failed to allege a benefit of the bargain injury for two main reasons: Plaintiff did not pay anything for Sirva's services, and it "cannot be plausibly alleged that Sirva derived a benefit from her data." Def. Mem. at 8-9. As for Defendant's first argument, it emphasizes an irrelevant distinction—Defendant readily admits that Amgen (Plaintiff's employer) paid Sirva for its services. Def. Mem. at 9. Indeed, Plaintiff alleged that Amgen contracted with Defendant on Plaintiff's behalf and that Plaintiff was the intended beneficiary of the contract. Compl. ¶ 117.

Moreover, in the context of data breach litigation, "the growing trend across courts that have considered this issue is to recognize the lost property value of this information." *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 440 F. Supp. 3d 447, 461 (D. Md. 2020). Courts have begun to recognize that "[t]he value of personal information in the digital world is fundamentally different from what might be considered a loss of value in a 'typical' market. The Data Breach devalued Plaintiffs' PII by interfering with their fiscal autonomy." *In re Eureka Casino Breach Litig.*, 2024 WL 4253198, at *5 (D. Nev. Sept. 19, 2024); *see also In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183, 1204 (S.D. Fla. 2022) ("[P]laintiffs need not reduce their . . . PII to terms of dollars and cents in some fictitious marketplace where they offer such information for sale to the highest bidder.") (collecting cases). Simply put, Plaintiff was injured because she bargained for necessary data security to protect her

PII—which she did not receive. At this stage, Plaintiff has sufficiently alleged concrete injuries-in-fact stemming from their lost benefit of the bargain.

### iv.     Invasion of Privacy is a Concrete Harm.

As the Supreme Court expressly recognized in *TransUnion*, Plaintiffs have standing because the Data Breach caused them to suffer a severe invasion of privacy long recognized in American courts. Courts across the country agree. "[T]he weight of post-*TransUnion* authority establishes that [plaintiff's] alleged privacy injury is sufficiently concrete for Article III purposes." *Allen v. Wenco Mgmt., LLC*, 696 F. Supp. 3d 432, 437 (N.D. Ohio 2023); *see also Bohnak v. Marsh & McLennan Cos., Inc.*, 79 F.4th 276, 285 (2d Cir. 2023) (citing Restatement (Second) Torts § 652D) ("Similar to the publication of misleading information about some of the plaintiffs in *TransUnion*, the core injury here—exposure of Bohnak's private PII to unauthorized third parties—bears some relationship to a well-established common-law analog: public disclosure of private facts."). The Fourth Circuit reached a similar conclusion in *Garey v. James S. Farrin, P.C.,* affirming that invasion of privacy "has long provided a basis for recovery at common law." 35 F.4th 917, 921 (4th Cir. 2022). That is exactly what *TransUnion* held when it differentiated between one group of plaintiffs whose private information had not be sent to unauthorized third parties and another group of individuals whose information had been disseminated to unauthorized third parties. *TransUnion LLC*, 594 U.S. at 432–35 (2021). Because the second group of 1,853 people had their information disclosed to unauthorized individuals, the Court had "no trouble concluding" that they had suffered a concrete injury. *Id.* at 432; *see also Capiau v. Ascendum Mach., Inc.*, 2024 WL 3747191, at *5 (W.D.N.C. Aug. 9, 2024).

Defendant's two arguments, that cybercriminals, not Defendant improperly accessed her PII, and that Plaintiff cannot have suffered a violation of privacy unless someone actually viewed her PII, misunderstand the point—which is that *TransUnion* was satisfied the moment Plaintiff's

PII was accessed by unauthorized third parties and that does not require Plaintiff to prove the merits of a public disclosure of private facts claim. *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 157–58 (3d Cir. 2022) (holding that disclosure of private information is a concrete injury under *TransUnion*); *Barclift v. Keystone Credit Servs., LLC*, 93 F.4th 136, 145 (3d Cir. 2024) (holding that "*TransUnion* speaks only of harms, not elements" and does require proving the elements of a claim); *Hartley v. Urban Outfitters, Inc.*, 740 F. Supp. 3d 410, 417–18 (E.D. Pa. 2024); *see also Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384, 390 (6th Cir. 2016) ("Although hackers are the direct cause of Plaintiffs' injuries, the hackers were able to access Plaintiffs' data only because [defendant] allegedly failed to secure the sensitive personal information entrusted to its custody. In other words, but for [defendant's] allegedly lax security, the hackers would not have been able to steal Plaintiffs' data.").

The cybercriminals here conducted an intentional, targeted cyberattack that resulted in Plaintiff's information being stolen. The theft caused Plaintiff and the Class Members' highly sensitive PII to fall into the hands of the exact people from whom that data is supposed to be protected—cybercriminals and identity thieves. That is disclosure is a harm long recognized in American courts. *TransUnion* forecloses any argument to the contrary. At bottom, taking the Complaints allegations as true and construing them in the light most favorable to Plaintiff—as the Court must—Plaintiff has plausibly alleged standing, and Defendant's motion should be denied.

**B. Plaintiff Sufficiently Stated all Claims.**

**1. Plaintiff Sufficiently Alleges a Claim for Negligence/Negligence *Per Se***

**a. Plaintiff's negligence claim is not barred by the California Economic Loss Doctrine.**

Defendant first argues that California's economic loss rule bars Plaintiff's negligence claim. ECF 16 at 10. This argument is wholly unsupported by California federal case law. *See In*

*re Ambry Genetics Data Breach Litigation*, 567 F.Supp.3d 1130, 1141 (C.D. Cal. 2021) (holding that plaintiffs in data breach litigation who have alleged a privacy injury stemming from the unauthorized sharing of their private information including anxiety, concern, unease, and the many hours spent responding to the data breach, are not barred by the economic loss doctrine); *Stasi v. Immediata Health Group Corp.*, 501 F.Supp.3d 898, 913 (S.D. Cal. 2020) (allowing plaintiff's data breach negligence claim to survive defendant's motion to dismiss on the basis of the economic loss doctrine because plaintiff alleged a privacy injury by having their sensitive information disclosed, leading to an increase in spam/phishing emails and/or calls, which is not necessarily an "economic" harm); *In re Solara Medical Supplies, LLC Customer Data Security Breach Litigation*, 613 F.Supp.3d 1284, 1295 (S.D. Cal. 2020) (holding that economic loss rule does not apply in data breach litigation because plaintiffs have alleged lost time and increased anxiety as a result of the breach incident).

Here, as in those cases, Plaintiff has not alleged solely economic damages. Instead, Plaintiff has alleged precisely the harms that plaintiffs in the above-cited cases alleged, in which California federal courts allowed plaintiffs' healthcare data breach cases to survive the motion to dismiss stage. Plaintiff has alleged lost time, interference and inconvenience as a result of the Data Breach in this case, as well as stress and anxiety related to concern regarding the loss of her privacy. ECF 1 at ¶¶ 78, 111. (Indeed, Defendant contradicts itself, arguing here that the emotional harms are pure economic loss—i.e., "pecuniary" or "monetary" damages not arising from injury to one's person or physical harm to one's property, *see* Black's Law Dictionary, "ECONOMIC LOSS" (12th ed. 2024), and below that emotional harms *cannot* give rise to recovery for damages. In reality, both propositions are false.) Defendant's Motion to Dismiss should be denied.

### i.    Plaintiff has sufficiently pleaded cognizable damages.

Defendant next argues that, even if the Economic Loss Doctrine does not apply here, Plaintiff's claim for negligence still cannot survive, because emotional injuries are not cognizable damages in negligence claims. Wrong again. As support, Defendant cites *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613 (9th Cir. 2021). In that case, however, the plaintiff "failed to adequately allege that *her* personal information actually lost value" and did not cite authority recognizing lost time as a cognizable harm; here, Plaintiff has done both. ECF 1 ¶ 66; *Pruchnicki*, 845 F. App'x at 614. Moreover, that case applied *Nevada* law in discarding emotional harm, not California law. *Id.*

Here, by contrast, California federal courts ruling after *Pruchnicki* have recognized both economic and non-economic types of damages and have specifically found sufficient damages pled "beyond purely economic loss," including in the data breach context, with such emotional injuries as fright, shock, nervousness, worry, anxiety, and humiliation. *See, e.g., Ambry Genetics*, 567 F.Supp.3d. at 1141; *Alexander v. Wells Fargo Bank, N.A.*, No. 23-CV-617-DMS-BLM, 2023 WL 8358550, at *4 (S.D. Cal. Dec. 1, 2023); *Murillo v. Gen. Motors LLC*, No. 2:23-CV-10525-SPG-MAA, 2024 WL 5339166, at *3 (C.D. Cal. May 8, 2024); *see also Stasi*, 501 F.Supp.3d. at 913. Plaintiff's non-economic damages include lost time, interference and inconvenience, invasion of privacy, experiencing an increase in spam calls, texts, and/or emails, risk to her PII, as well as the emotional harms of all as a result of the Data Breach. ECF 1 ¶¶ 111, 125. California federal courts have allowed plaintiffs' negligence claims to move past the motion to dismiss stage when they allege the non-economic injuries that Plaintiff here has alleged.

Defendant also contends that Plaintiff does not claim an exception to the economic loss rule. As previously explained, Plaintiff does not need to allege any exception to this rule, as her

allegations of lost time, interference and inconvenience as a result of the Data Breach, stress and anxiety make the Economic Loss Doctrine inapplicable.

### ii.   Plaintiff has sufficiently alleged Defendant's breach of a duty.

Defendant next contends that it did not breach a duty to Plaintiff. Defendant cites no authority to support its contention that a company that possesses peoples' personal information does not have a duty to keep that information protected from hackers. Indeed, the *Stasi* court explained that "[d]istrict courts have found comparable allegations sufficient to survive motions to dismiss negligence claims." 501 F.Supp.3d. at 914 (citing *Castillo v. Seagate Tech., LLC*, Case No. 16-cv-01958-RD, 2016 WL 9280242 at 2 (N.D. Cal. Sept. 14, 2016)) (alleging employer had duty to reasonably protect employees' information). *See also Corona v. Sony Pictures Entm't, Inc.*, No. 14-CV-09600 RGK, 2015 WL 3916744 at 3 (C.D. Cal. June 15, 2015) (alleging employer owed employees a duty to implement and maintain adequate security measures to safeguard their personal information). The *Stasi* court ultimately held that defendant owed a duty to protect plaintiffs' information "despite the fact that [p]laintiffs were not Inmediata's customers or otherwise in privity with Inmediata." 501 F.Supp.3d. at 915. As one court put it in a similar data privacy context, "It's not 'you buy it, you break it,' but it's in the same neighborhood. You collect it, you keep it safe." *Stein v. Edward-Elmhurst Health*, No. 23-CV-14515, 2025 WL 580556, at *9 (N.D. Ill. Feb. 21, 2025).

Contrary to Defendant's claim that Plaintiff "fails to plead factual allegations purporting to demonstrate that Sirva breached its duty to her," ECF 16 at 11, Plaintiff's Complaint is replete with factual allegations demonstrating Defendant's breach of the established duty in this case. *See* ECF 1 ¶¶ 24-30, 42, 49, 67, 73-82. Specifically, Plaintiff alleges that Defendant "failed to properly implement basic data security practices and failed to audit, monitor, or ensure the integrity of its data security practices, or to appropriately prepare to face a data breach and respond to it in a

timely manner." *Id.* ¶ 42. These are factual allegations of Defendant's clear breach. In making this claim, Defendant plainly ignores the factual allegations throughout Plaintiff's Complaint.

Defendant also claims that Plaintiff cannot rely on the FTC Act to provide the duty of care required in order to maintain her negligence or negligence *per se* claim. ECF 16 at 11. The duty of care the Defendant owed to Plaintiff in this case has already been established by California federal case law. However, California federal courts have held that the FTC Act can be used to supply the standard of care in a negligence claim. *See In re Accellion, Inc. Data Breach Litigation*, 713 F.Supp.3d 623, 640 (N.D. Cal. 2024). Defendant's Motion to Dismiss should be denied.

### iii. Plaintiff has alleged harms actionable for damages in negligence.

Defendant's next contention is that Plaintiff does not allege harms actionable for damages in negligence. ECF 16 at 13. Defendant goes on to claim that anxiety is not actionable in damages. *Id*. Again, as discussed above, that is simply not the law. Further, Defendant has completely ignored the bulk of Plaintiff's damages allegations. Plaintiff alleges she has been damaged by loss of privacy, loss of time and loss of productivity incurred mitigating the materialized risk and imminent threat of identity theft risk, the loss of benefit of the bargain and diminution of value of her PII. ECF 1 ¶¶ 50, 111. The loss of privacy alone is a sufficient injury to support a negligence claim under California law. *See Doe v. N. California Fertility Med. Ctr.,* 2024 WL 246178, 5 (E.D. Cal. Jan. 23, 2024) (finding plaintiff's allegation—that she was harmed "because she was deprived of the right to keep" her information private when an unauthorized third party accessed that information—sufficient to plead both Article III standing and negligence injury). Therefore, Defendant's Motion to Dismiss must be denied on these grounds.

### iv. Plaintiff has sufficiently pleaded negligence *per se*.

Defendant finally contends that Plaintiff's negligence *per se* claim also fails because the Complaint does not allege cognizable damages and because Plaintiff cannot proceed on a

negligence *per se* claim based on alleged violations of the FTC. ECF 16 at 14. Both of these contentions have been resolved *supra*. Plaintiff's ordinary negligence claim should survive the motion to dismiss stage, and her negligence *per se* claim should as well. Defendant's Motion to Dismiss should be denied on these grounds.

### 2. Plaintiff Sufficiently Alleges a Claim for Breach of Contract as a Third-Party Beneficiary

Plaintiff sufficiently alleges a claim for breach of contract as a third-party beneficiary of the contract between Sirva and her employer (Amgen), by pleading that "[a]s part of Plaintiff accepting Amgen's offer of employment, Amgen contracted with Defendant Sirva on Plaintiff's behalf to effectuate Plaintiff's move," that "[u]nder the contract, Plaintiff was required to convey her Private Information to Sirva," and yet, Sirva failed to secure her Private Information. ECF 1 ¶¶ 117-121.

Mystifyingly, Defendant argues that the Complaint fails to allege the existence of an enforceable agreement or any breach of such. ECF 16 at 14-15. Specifically, Defendant characterizes claims that Plaintiff does not "identify[] a particular contract whereby Plaintiff was intended and specifically intended rather than an incidental beneficiary." *Id.* at 15. But that is *exactly* what Plaintiff alleges: that there was a particular contract between Amgen and Sirva and it was to benefit **her specifically**. ECF 1 ¶¶ 117-121. Particularly in the context of a Motion to Dismiss, where Plaintiff gets the benefit of all reasonable inferences, Plaintiff has plausibly alleged that "express provisions of the contract, considered in light of the relevant circumstances, show that (1) [she] would in fact benefit from the contract; (2) a motivating purpose of the contracting parties was to provide a benefit to [her]; and (3) permitting [her] to enforce the contract is consistent with the objectives of the contract and the reasonable expectations of the contracting

parties." *Ngo v. BMW of N. Am., LLC*, 23 F.4th 942, 946 (9th Cir. 2022) (citation and internal quotation marks omitted).

Finally, Defendant makes conclusory and undeveloped statements that the Complaint fails to sufficiently allege breach, damages, and causation. ECF 16 at 16 n.5. Rather than explain why, Defendant merely asserts it to be true, gestures towards its causation arguments in support of its motion to dismiss the negligence claim, and throws in a string cite. *Id.* This totally undeveloped argument should be rejected as unsupported.

### 3.   Plaintiff Sufficiently Pleaded Bailment.

Sirva argues Plaintiff's bailment claim does not identify personal property that Plaintiff expected to be returned. ECF 16 at 16. But Plaintiff alleges she delivered her information and Sirva accepted it for the provision of relocation services, an exchange based on the parties' express or implied contract. ECF 1 at ¶¶ 2, 19-20, 73, 126-130. This is sufficient. *Whitcombe v. Stevedoring Servs. of Am.*, 2 F.3d 312, 317 (9th Cir. 1993) (bailment is "delivery of a thing in trust for a purpose upon an implied or express contract"); *In re Sony Gaming Networks & Cust. Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 974 (S.D. Cal. 2012) (same).

Sirva's reliance on *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1126 (N.D. Cal. 2008) is misplaced. Unlike here, in *Ruiz,* (1) the defendant merely failed to prevent the theft of laptops containing plaintiff's personal information, and the defendant was not "in any way involved with this theft," and (2) the plaintiff failed to argue that the stolen information was personal property delivered to defendant and expected to be returned. 540 F. Supp. 2d 1121, 1127 (N.D. Cal. 2008). No such issues exist here.

Sirva's argument that Plaintiff has not sufficiently pleaded a valid contract of bailment fares no better. It argues that Plaintiff failed to allege "a contract obligating Sirva to return Plaintiff's information to her," even though it admits Plaintiff pleaded that she "conveyed her PII to

Defendant lawfully as a condition of receiving relocation services with the understanding that Defendant would return or delete her Private Information when it was no longer required or otherwise return it." ECF 16 at 16. Compl. ¶ 127. Defendant calls this allegation "conclusory" with absolutely no basis, and claims falsely that this allegation "explains that when Plaintiff transmitted data for relocation services, she expected to receive relocation services in return, not her own data back." *Id.* On the face of it, this argument clearly contradicts the allegations of the Complaint – something Defendant is not permitted to do at this juncture. The motion fails.

### 4.  **Plaintiff Sufficiently Alleges Violation of the CCPA**

Plaintiff sufficiently states a claim for violation of the CCPA by alleging Sirva shared her personal and financial information with third parties without her consent due to its' failure to maintain reasonable security practices. ECF 1 at ¶¶ 142-52, 32-136. This is sufficient. *See* Cal. Civ. Code § 1798.150(a)(1); *Doe v. MKS Instruments, Inc.*, 2023 WL 9421115, at *3 (C.D. Cal., Nov. 3, 2023).

Sirva's argument that Plaintiff failed to allege facts showing how Sirva's data security practices were insufficient or that it failed to cure the deficiencies (ECF 16 at 17-18) ignores Plaintiffs' lengthy and detailed allegations that Sirva:

- Failed to follow some or all of the following industry best practices (ECF 1 ¶ 45):

    o Educating all employees;

    o Strong password requirements;

    o Multilayer security including firewalls;

    o Anti-virus and anti-malware software;

    o Encryption;

    o Multi-factor authentication;

    o Backing up data;

      o   Implementing reasonable systems to identify malicious activity;

      o   Implementing reasonable governing policies; and

      o   Limiting which employees can access sensitive data.

- Failed to meet the minimum standards of established cybersecurity standards, specifically, (ECF 1 ¶ 45): the NIST Cybersecurity Framework Version 1.1 (including without limitation PR.AC-1, PR.AC-3, PR.AC-4, PR.AC-5, PR.AC-6, PR.AC-7, PR.AT-1, PR.DS-1, PR.DS-5, PR.PT-1, PR.PT-3, DE.CM-1, DE.CM-4, DE.CM-7, DE.CM-8, and RS.CO-2), and the Center for Internet Security's Critical Security Controls (CIS CSC)

These are the *exact* allegations which Defendant itself said were necessary:

> Plaintiff must point to a specific identified defect that led to the alleged unauthorized access. *See, e.g.*, *In re Bank of Am. California Unemployment Benefits Litig.*, 2023 WL 3668535, at *14 (S.D. Cal. May 25, 2023) (alleged failure to use "EMV chip technology" which was "the industry-standard for debit card security" sufficient); *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 16-0014, 2016 WL 6523428, at *11 (S.D. Cal. Nov. 3, 2016) (alleged failure to use industry-standard encryption sufficient).

ECF 16 at 17-18.

Sirva objects to not being given an opportunity to cure, despite Plaintiff's allegation that a cure is impossible. ECF 16 at 18. Not only would such a requirement serve no purpose given Plaintiff's allegation of impossibility, but the pre-suit notice requirement is procedural and, as such, does not apply in federal court. The Ninth Circuit has recently made clear that state law pre-suit notice requirements conflict with Fed. R. Civ. P. 3, because they add additional procedural steps for commencing a suit beyond the requirements of Rule 3, and hence do not apply in federal courts under the Erie doctrine. In *Martin v. Pierce Cnty.*, 34 F.4th 1125 (9th Cir. 2022), the court explained that "[l]ike [a] presuit-notice requirement, [a certain statute] conflicts with Rule 3 by adding additional, procedural steps for commencing a suit beyond those that Rule 3 contemplates"

by requiring a declaration be filed at the time of commencing the action and "add[ing] a step before commencement—an attorney must present the claimant with a copy of the provisions in the chapter. This directly collides with Rule 3's requirement that an action *commences* with the filing of the complaint." *Martin v. Pierce Cnty.*, 34 F.4th 1125, 1131 (9th Cir. 2022) (emphasis original); *Gonzalez v. Am. Honda Motor Co.*, 720 F. Supp. 3d 833, 847 (C.D. Cal. 2024) (applying *Martin* to state law pre-suit notice requirement).

As of the date of filing, 760 days have passed since the filing of this lawsuit without a cure. Sirva cites no authority explaining why it should have 7*90* days when Plaintiff has alleged cure is impossible. The one non-binding case to which it cites, *In re Waste Mgmt. Data Breach Litig.*, No. 21CV6147 (DLC), 2022 WL 561734 (S.D.N.Y. Feb. 24, 2022), is very different from this case; in *Waste Management*, the complaint did not plead that a cure was impossible; rather, it "contain[ed] no allegations regarding any notice of cure from [defendant], and d[id] not explain what violations need[ed] to be remedied." 2022 WL 561734, at *6.

Likewise, Sirva's argument that Plaintiff is not Sirva's customer but the customer of Sirva's customer (Amgen, Plaintiff's employer) is without merit. ECF 16 at 18. Setting aside the obvious contradiction here between this and Sirva's argument that the third-party beneficiary claim should fail, there is no requirement that Plaintiff be Sirva's customer, and Sirva cites to no authority for such a requirement. Rather, the CCPA provides for a claim which may be brought by "a consumer," defined as "a natural person who is a California resident" as defined by statute. Cal. Civ. Code § 1798.140(i), -.150(b). Finally, Sirva's argument that the impossibility of a cure means that injunctive or equitable relief is "meritless" is unsupported and should be rejected. The motion should be denied.

## v. CONCLUSION

For the foregoing reasons, Sirva's motion to dismiss should be denied in its entirety.

Dated: March 7, 2025                    Respectfully submitted,

                                        */s/Vess Miller*
                                        Vess A. Miller, No. 278020
                                        Natalie Lyons, No. 293026
                                        Lynn A. Toops*
                                        COHEN & MALAD, LLP
                                        One Indiana Square, Suite 1400
                                        Indianapolis, Indiana 46204
                                        (317) 636-6481
                                        vmiller@cohenandmalad.com
                                        nlyons@cohenandmalad.com


                                        *Counsel for Plaintiffs and the Proposed Classes*

## CERTIFICATE OF COMPLIANCE

Pursuant to the Court's Initial Standing Order dated November 5, 2024, the undersigned, counsel of record for Plaintiff certifies that this brief contains 5,843 words, which complies with the word limit of L.R. 11-6.1.


Dated: March, 7, 2025

                                        *By: s/Vess Miller*
                                        Vess Miller

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.


                                        *By: s/Vess Miller*
                                        Vess Miller