Vess A. Miller, No. 278020
Natalie Lyons, No. 293026
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel: (317) 636-6481
Fax: (317) 636-2593
vmiller@cohenmalad.com
nlyons@cohenmalad.com
*Counsel for Plaintiff and Proposed Class*

REID DAMMANN, No. 330655
rdammann@grsm.com
JOHN T. MILLS (*pro hac vice*)
jtmills@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
*Counsel for Defendant*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ROSALYN RIVERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SIRVA RELOCATION, LLC,<br><br>Defendant. | Case No. 2:24-cv-09378-FLA-MAA<br><br>Honorable Fernando L. Aenlle-Rocha Magistrate Judge Maria A. Audero<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:          10/30/2024 |

- 1 -

1

## 1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.    GOOD CAUSE STATEMENT

This action may involve trade secrets, personal information of customers and consumers of Sirva Relocation, LLC, personally identifiable information, including but not limited to names, Social Security numbers, passport information, medical information, dates of birth, taxpayer identification numbers, employment and salary information, gender identification, contact information, and financial account

information of Sirva Relocation, LLC's customers and consumers, technical information, and other sensitive materials for which special protection from public disclosure and from use for any purpose other than the prosecution and the defense of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential financial information, personally identifiable information, information regarding confidential business practices, or other confidential research or development (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

**3.     <u>DEFINITIONS</u>**

3.1     <u>Action</u>: means the above-captioned civil action, *Rosalyn Rivera, individually and on behalf of all others similarly situated v. Sirva Relocation, LLC*, assigned Case No. 2:24-cv-09378-FLA-MAA.

3.2    <u>Challenging Party</u>: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3    <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4    <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5    <u>Designating Party</u>: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8    <u>In-House Counsel</u>: Attorneys who are employees of a party to this Action.
In-House Counsel does not include Outside Counsel of Record or any
other outside counsel.

3.9    <u>Nonparty</u>: Any natural person, partnership, corporation, association, or
other legal entity not named as a Party to this action.

3.10    <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party
to this Action but are retained to represent or advise a party to this Action
and have appeared in this Action on behalf of that party or are affiliated
with a law firm which has appeared on behalf of that party, and includes
support staff.

3.11    <u>Party</u>: Any party to this Action, including all of its officers, directors,
employees, consultants, retained experts, In-House Counsel, and Outside
Counsel of Record (and their support staffs).

3.12    <u>Producing Party</u>: A Party or Nonparty that produces Disclosure or
Discovery Material in this Action.

3.13    <u>Professional Vendors</u>: Persons or entities that provide litigation support
services (e.g., photocopying, videotaping, translating, preparing exhibits
or demonstrations, and organizing, storing, or retrieving data in any form
or medium) and their employees and subcontractors.

3.14    <u>Protected Material</u>: Any Disclosure or Discovery Material that is
designated as "CONFIDENTIAL."

STIPULATED PROTECTIVE ORDER

3.15    <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

## 4.    <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

## 5.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

STIPULATED PROTECTIVE ORDER

including the time limits for filing any motions or applications for extension of time

pursuant to applicable law.

**6.    DESIGNATING PROTECTED MATERIAL**

6.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Nonparty that designates information or items for

protection under this Stipulated Protective Order must take care to limit

any such designation to specific material that qualifies under the

appropriate standards. The Designating Party must designate for

protection only those parts of material, documents, items, or oral or

written communications that qualify so that other portions of the material,

documents, items, or communications for which protection is not

warranted are not swept unjustifiably within the ambit of this Stipulated

Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.

Designations that are shown to be clearly unjustified or that have been

made for an improper purpose (e.g., to unnecessarily encumber the case

development process or to impose unnecessary expenses and burdens on

other parties) may expose the Designating Party to sanctions.

The Designating Party shall have the right to designate as "Highly

Confidential – Attorneys' Eyes Only" any Documents, Testimony or

- 7 -

Information that the Designating Party in good faith believes that disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, provided same was first disclosed and/or produced after the date on which counsel have executed this Stipulation and Protective Order.

6.2     Manner and Timing of Designations.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)     For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection,

- 8 -

the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

- 9 -

STIPULATED PROTECTIVE ORDER

(b)    For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony.

(c)    For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3    <u>Inadvertent Failure to Designate.</u>

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**7.**    **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

7.1    <u>Timing of Challenges.</u>

STIPULATED PROTECTIVE ORDER

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

Any Party or Nonparty may challenge a designation of confidentiality. The Challenging Party shall identify in writing each challenged document by Bates number or otherwise specifically describe the challenged document. Challenges must comply with Local Rule 37-1 et seq. Counsel for each Party shall meet and confer within twenty-one (21) days of a written challenge to limit the scope of any issues requiring resolution by the Court. Counsel for the Designating Party shall have thirty (30) days, or such other time period as the Parties may agree to in writing, from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

7.2    Meet and Confer.

STIPULATED PROTECTIVE ORDER

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

7.3    Burden of Persuasion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.    **ACCESS TO AND USE OF PROTECTED MATERIALS**

8.1    Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero.

STIPULATED PROTECTIVE ORDER

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2 <u>Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items.</u>

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the

STIPULATED PROTECTIVE ORDER

"Acknowledgment and Agreement to Be Bound" (Exhibit
A);

(d)    The Court and its personnel;

(e)    Court reporters and their staff;

(f)    Professional jury or trial consultants, mock jurors, and
Professional Vendors to whom disclosure is reasonably
necessary or this Action and who have signed the
"Acknowledgment and Agreement to be Bound" (Exhibit
A);

(g)    The author or recipient of a document containing the
information or a custodian or other person who otherwise
possessed or knew the information;

(h)    During their depositions, witnesses, and attorneys for
witnesses, in the Action to whom disclosure is reasonably
necessary provided: (i) the deposing party requests that the
witness sign the "Acknowledgment and Agreement to Be
Bound" (Exhibit A); and (ii) the witness will not be permitted
to keep any confidential information unless they sign the
"Acknowledgment and Agreement to Be Bound," unless
otherwise agreed by the Designating Party or ordered by the
Court. Pages of transcribed deposition testimony or exhibits

- 14 -

STIPULATED PROTECTIVE ORDER

to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

Access to and/or Disclosure of Protected Materials designated as "Highly Confidential – Attorneys' Eyes Only" shall be permitted only to the following persons:

(a)  the Court and court personnel;

(b)  the Receiving Party's outside counsel of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party;

(c)  In-House counsel to the undersigned Parties, and the paralegal, clerical, and secretarial staff employed by said counsel, who are assigned to the Proceedings and to whom disclosure is reasonably necessary;

- 15 -
STIPULATED PROTECTIVE ORDER

(d)  Court reporters and their staff in this Proceeding (whether at depositions, hearings, or any other proceeding);

(e)  the author or recipient of a Document containing the information or a custodian or other person who otherwise possessed or knew the Information;

(f)  outside experts or expert consultants retained by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

(g)  any person the Parties agree to in writing and who sign the statement in the form attached hereto as Exhibit A.

- 16 -

STIPULATED PROTECTIVE ORDER

## 9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." that Party must:

(a)    Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as

STIPULATED PROTECTIVE ORDER

authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

### 10.1 Application.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

### 10.2 Notification.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a)    Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b)     Promptly provide the Nonparty with a copy of the Stipulated

Protective Order in this Action, the relevant discovery

request(s), and a reasonably specific description of the

information requested; and

(c)     Make the information requested available for inspection by

the Nonparty, if requested.

10.3    Conditions of Production.

If the Nonparty fails to seek a protective order from this Court within

fourteen (14) days after receiving the notice and accompanying

information, the Receiving Party may produce the Nonparty's confidential

information responsive to the discovery request. If the Nonparty timely

seeks a protective order, the Receiving Party shall not produce any

information in its possession or control that is subject to the confidentiality

agreement with the Nonparty before a determination by the Court. Absent

a court order to the contrary, the Nonparty shall bear the burden and

expense of seeking protection in this Court of its Protected Material.

**11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing

- 19 -

the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

## 12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## 13.    MISCELLANEOUS

13.1    Right to Further Relief.

STIPULATED PROTECTIVE ORDER

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3    Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14.    FINAL DISPOSITION**

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision,

- 21 -

"all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

## 15. **VIOLATION**

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

///

STIPULATED PROTECTIVE ORDER

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

COHENMALAD, LLP

Dated: July 21, 2025          */s/Vess A. Miller*
                             Vess A. Miller
                             *Counsel for Plaintiff and the Proposed Classes*

GORDON REES SCULLY MANSUKHANI, LLP

Dated: July 21, 2025          */s/John T. Mills*
                             John T. Mills (*pro hac vice*)
                             *Counsel for Defendant*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 7/26/25          _____
                             Maria A. Audero
                             United States Magistrate Judge

- 23 -

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[full name], of _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Rosalyn Rivera, individually and on behalf of all others similarly situated v. Sirva Relocation, LLC*, assigned Case No. 2:24-cv-09378-FLA-MAA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____[full name] of _____[address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Signature:                                          _____

Printed Name:                                   _____

Date:                                                _____

City and State Where Sworn and Signed:   _____

- 24 -
STIPULATED PROTECTIVE ORDER